**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shenoa Gilbert, | No. CV-25-00066-TUC-SHR |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Realty & Trust Company Management Services LLC, | |
| Defendant. | |

On February 14, 2025, Plaintiff Shenoa Gilbert filed a pro se complaint against her landlord, Defendant Tucson Realty & Trust Company Management Services LLC, alleging violations of the Fair Housing Act and the Rehabilitation Act. (Doc. 1.) Plaintiff has also filed an Application for Leave to Proceed in Forma Pauperis (IFP). (Doc. 2.) For the following reasons, the Court will grant Plaintiff IFP status and dismiss her Complaint with leave to amend.

**I.    IFP APPLICATION**

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed IFP. *See* § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of her poverty, pay or give security for fees and "still be able to provide [herself] and [her] dependents with the necessities of

1   life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal
2   quotation marks omitted).

3   Plaintiff has submitted an IFP application stating under penalty of perjury she is
4   financially unable to pay the filing fee. (Doc. 2.) The Court finds Plaintiff's statement of
5   income, assets, and expenses reflects her inability to pay. Therefore, the Court will grant
6   Plaintiff's application for IFP status.

7   **II.    STATUTORY SCREENING**

8   The Court has a statutory obligation to screen a pro se IFP complaint before it may
9   be served. § 1915(e)(2). The Court must dismiss such a complaint or a portion thereof if
10  a plaintiff raises legally frivolous or malicious claims, fails to state a claim upon which
11  relief may be granted, or seeks monetary relief from a defendant who is immune from such
12  relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc)
13  (noting § 1915(e) "applies to all in forma pauperis complaints," not just those filed by
14  prisoners).

15  Rule 8 requires every complaint to contain "a short and plain statement of the claim
16  showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R.
17  Civ. P. 8(a)(2), (3). While Rule 8 does not require detailed factual allegations, "it demands
18  more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*
19  *Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action,
20  supported by mere conclusory statements, do not suffice." *Id.*

21  "The standard for determining whether a plaintiff has failed to state a claim upon
22  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
23  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d
24  1108, 1112 (9th Cir. 2012). Dismissal for failure to state a claim under Rule 12(b)(6) is
25  appropriate when a complaint lacks a cognizable legal theory or fails to allege facts
26  sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
27  Cir. 1990). A complaint setting forth a cognizable legal theory will survive a motion to
28  dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This rule does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678.

## III.  DISCUSSION

In her Complaint, Plaintiff—"a Section 8 voucher holder" with "a documented disability, which includes a back injury and Stage 3 kidney disease"—claims Defendant violated the Rehabilitation Act and the Fair Housing Amendments Act (FHAA) by denying her accommodation requests for a first-floor apartment and an exemption from the use of pesticides in her unit. (Doc. 1 at 1–3.) Specifically, Plaintiff alleges she requested to transfer to a first-floor unit in her apartment complex "[d]ue to [her] back injury and disability," but Defendant denied her request despite the availability of three one-bedroom units on the first floor. (*Id.* at 2.) Plaintiff alleges this made it "difficult for [her] to live safely in [her] apartment." (*Id.*) Additionally, Plaintiff alleges she asked Defendant not to use chemical pesticides in her unit due to her severe allergies and Stage 3 kidney disease, but Defendant's agent nevertheless entered her apartment and sprayed pesticides. (*Id.*) Plaintiff asserts she experienced an anaphylactic reaction to the pesticides and required emergency medical treatment. (*Id.*)

Plaintiff also claims Defendant retaliated against her in violation of the FHAA by refusing to extend her lease. (*Id.* at 3.) Plaintiff alleges Defendant's failure to provide reasonable accommodations forced Plaintiff to issue a non-renewal notice for her lease, but when Plaintiff had difficulty finding new housing, she asked Defendant for a 30-day extension of her lease and submitted payment for the extension. (*Id.* at 2.) Plaintiff claims

Defendant denied her extension request, returned her payment, and filed an eviction action against her. (*Id.*) Plaintiff alleges she suffered emotional harm and financial strain due to her sudden displacement and risks losing her Section 8 voucher due to the eviction action. (*Id.* at 2–3.)

As an initial matter, the Court notes Plaintiff has failed to assert when any of Defendant's alleged discriminatory and retaliatory conduct occurred and thus fails to establish such conduct occurred within the applicable statutes of limitation. In Arizona, the two-year statute of limitations for personal injury claims applies to Rehabilitation Act claims. *Hodges v. City of Phoenix*, No. CV-13-01520-PHX-DGC, 2014 WL 612492, at *3 (D. Ariz. Feb. 18, 2014). With respect to Plaintiff's claims under the FHAA, such claims must be brought "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). As discussed below, the Court will grant Plaintiff leave to file an amended complaint. If Plaintiff files an amended complaint, she must allege the dates on which Defendant's conduct occurred.

### A. Rehabilitation Act

Plaintiff generally alleges Defendant violated Section 504 of the Rehabilitation Act. Section 504 was enacted as a general civil rights provision "to prevent discrimination against all handicapped individuals" in "employment, housing, transportation, education, health services, or any other Federally-aided programs." *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987) (citation omitted), *superseded by statute on other grounds*; *see* 29 U.S.C. § 794. "[T]o state a claim under the Rehabilitation Act, a plaintiff must allege '(1) [s]he is an individual with a disability; (2) [s]he is otherwise qualified to receive the benefit; (3) [s]he was denied the benefits of the program solely by reason of h[er] disability; and (4) the program receives federal financial assistance.'" *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)).

To satisfy the first element, Plaintiff must show she has a disability as defined in 42 U.S.C. § 12102. *See* 29 U.S.C. § 705(20)(B). Section 12102 defines "disability" as "a

- 4 -

physical or mental impairment that substantially limits one or more major life activities," including "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Plaintiff alleges she has a "documented disability, which includes a back injury and Stage 3 kidney disease." (Doc. 1 at 1.) However, Plaintiff's Complaint fails to describe how her back injury and kidney disease substantially limit any major life activity.

As to the second element, Plaintiff must show she is "otherwise qualified to receive the benefit." *O'Guinn*, 502 F.3d at 1061 (citation omitted). The Supreme Court has defined "an otherwise qualified" individual as "one who is able to meet all of a program's requirements in spite of h[er] handicap." *Southeastern Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1979). The benefit Plaintiff seeks is rental of a first-floor apartment in Defendant's complex and abstention from use of pesticides in her unit. Plaintiff does not allege the qualifications necessary to live on the first floor of Defendant's apartment complex and that she meets those qualifications.

With respect to the third element, Plaintiff fails to allege she was denied the requested accommodations solely based on her disability. And, as to the fourth element, although she appears to suggest Defendant receives federal financial assistance for providing subsidized housing to Section 8 voucher holders, Plaintiff's Complaint falls short of alleging facts sufficient to satisfy this element.

At this stage, Plaintiff fails to state a claim for disability discrimination under Section 504 of the Rehabilitation Act. However, because Plaintiff may be able to resolve the deficiencies in the Complaint by alleging additional facts, the Court will give her leave to file an amended complaint.

### B. *Fair Housing Amendments Act*

Plaintiff appears to assert two separate claims against Defendant under the FHAA: failure to provide reasonable accommodations in violation of 42 U.S.C. § 3604(f) and retaliation against her for exercising her rights in violation of 42 U.S.C. § 3617 and 24

C.F.R. § 100.400. (Doc. 1 at 3.)

### 1. Failure to Provide Reasonable Accommodations

The FHAA "prohibits discrimination in the form of 'a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.'" *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189 (9th Cir. 2021) (quoting 42 U.S.C. § 3604(f)(3)(B)). To state a claim for failure to provide reasonable accommodations under the FHAA, a plaintiff must show:

> (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.

*Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997) (citation omitted).

To satisfy the first element, a plaintiff must show she is handicapped under 42 U.S.C. § 3602(h), which requires a person to have "a physical or mental impairment which substantially limits one or more of such person's major life activities." Plaintiff alleges she has a "documented disability," including a back injury and Stage 3 kidney disease. (Doc. 1 at 1–2.) However, Plaintiff has not alleged how her back pain and kidney disease substantially limit any major life activity. Therefore, Plaintiff's Complaint fails to satisfy the first element.

Under the second element, Plaintiff must show Defendant knew or should reasonably have known about Plaintiff's disability. While Plaintiff asserts she requested accommodations "[d]ue to [her] back injury and disability," she fails to clearly allege she

1 informed Defendant of her disability or Defendant otherwise should have known about her
2 disability. (Doc. 1 at 1–2.) Accordingly, Plaintiff's Complaint fails to satisfy the second
3 element.
4 The third element requires a plaintiff to show an accommodation may be necessary
5 to afford the handicapped person an equal opportunity to use or enjoy the dwelling.
6 Plaintiff fails to allege how Defendant's denial of a first-floor unit deprived her of an equal
7 opportunity to use or enjoy the dwelling. And, although Plaintiff implies an exemption
8 from the use of pesticides inside her apartment would have prevented her anaphylactic
9 reaction, such implications do not clearly state a claim upon which relief can be granted.
10 (Doc. 1 at 2.) As such, Plaintiff's Complaint fails to satisfy the third element.
11 Under the fourth element, a requested accommodation must be reasonable. An
12 accommodation is reasonable "when it imposes no 'fundamental alteration in the nature of
13 the program' or 'undue financial or administrative burdens.'" *Giebeler v. M & B Assocs.*,
14 343 F.3d 1143, 1157 (9th Cir. 2003) (citation omitted). A plaintiff can carry her initial
15 burden of proof of reasonableness by demonstrating "an accommodation seems reasonable
16 on its face." *Id.* at 1156 (citation omitted). Here, Plaintiff has demonstrated relocation to
17 an available first-floor unit and abstention from spraying pesticides in her unit are facially
18 reasonable accommodations. (Doc. 1 at 1–3.) Thus, Plaintiff has met her burden under
19 the fourth element.
20 Finally, under the fifth element, Plaintiff must show Defendant refused to make her
21 requested accommodations. Plaintiff alleges Defendant denied her request for a first-floor
22 unit and sprayed pesticides in her apartment. (Doc. 1 at 2.) Thus, Plaintiff has met her
23 burden under the fifth element.
24 Because Plaintiff has failed to meet her burden under all five elements, Plaintiff's
25 Complaint fails to state a claim under § 3604(f) of the FHAA. Plaintiff, however, may be
26 able to resolve these deficiencies by alleging additional facts, and the Court will give her
27 leave to file an amended complaint with respect to this claim.
28 . . . .

2. Retaliation

Under 42 U.S.C. § 3617, it is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of h[er] having exercised or enjoyed, . . . any right granted or protected by" the FHAA. An FHAA retaliation claim "is analogous to the more-familiar situation of a retaliatory failure-to-hire in the Title VII and First Amendment contexts." *Walker v. City of Lakewood*, 272 F.3d 1114, 1126 (9th Cir. 2001). To make out a prima facie case of retaliation under the FHAA, a plaintiff must allege: (1) she engaged in a protected activity, (2) an adverse housing consequence causally linked to that activity, and (3) resulting damage. *Hall v. Meadowood Ltd. P'ship*, 7 F. App'x 687, 689 (9th Cir. 2001).

Here, Plaintiff appears to claim Defendant retaliated against her for requesting accommodations, and it is plausible requesting accommodations is a protected activity under the FHAA. But, while Plaintiff sufficiently alleges an adverse housing consequence—Defendant refused her rent payment, denied her request for a temporary extension of her lease, and filed to evict her—she fails to clearly allege these consequences occurred as a result of her request for accommodations. (Doc. 1 at 3.) As to the third element, Plaintiff sufficiently alleges Defendant's actions have caused her to suffer emotional and financial harm and have put her at risk of losing her Section 8 voucher. (*Id.* at 2–3.) Because Plaintiff may be able to cure the deficiencies identified regarding the causal connection between her request for accommodations and subsequent adverse consequences, the Court will dismiss Plaintiff's retaliation claim with leave to amend.

**IV.   LEAVE TO AMEND**

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation omitted). If the Court determines a pleading could be cured by alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d

at 1127–29; *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity cure the complaint's deficiencies by amendment unless it is "absolutely clear" she could not do so).

As discussed, the allegations in Plaintiff's Complaint are insufficient to state a claim for relief under the Rehabilitation Act and the FHAA. Because it is not absolutely clear Plaintiff could not cure the Complaint's deficiencies by amendment, the Court will give her the opportunity to do so. *See Jackson*, 749 F.3d at 767; *see also Lopez*, 203 F.3d at 1130 (holding a pro se litigant must be given leave to amend her complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (quoting *Balistreri*, 901 F.2d at 701)). The Court will dismiss the Complaint and grant Plaintiff leave to file a first amended complaint within thirty (30) days from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint should explain Plaintiff's case in a short and plain manner, with each cause of action accompanied by facts to satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. In the event Plaintiff fails to timely file an amended complaint curing all deficiencies described above, Plaintiff is advised this case may be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

. . . .

### V. WARNINGS

#### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (noting a district court may dismiss an action for failure to comply with any order of the Court).

### VI. CONCLUSION

**IT IS ORDERED** Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. Plaintiff may file a First Amended Complaint within **thirty (30) days** of the date this Order is filed. If Plaintiff fails to file a First Amended Complaint within 30 days, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 2nd day of July, 2025.

Honorable Scott H. Rash
United States District Judge

- 10 -